# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In Re   Adebowale Richard Aderinto,   )
                                      )
                                      )   Bankruptcy No. ___17-38275___
                                      )
                Debtor.                )   Chapter ___7___

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION
## (IN CASES UNDER CHAPTERS 7, 11 AND 12)

Name of Applicant: __Nixon Peabody LLP__

Authorized to Provide Professional Services to: __R. Scott Alsterda, Chapter 7 Trustee__

Date of Order Authorizing Employment: __December 29, 2017 [Dkt 1]__

Period for Which Compensation is Sought:
From __February 22__, __2018__ through __February 13__, __2019__

Amount of Fees Sought:   $ __6,489.00__

Amount of Expense Reimbursement Sought:   $ __27.51__

This is an:   Interim Application _____   Final Application __✔__

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| | | | | |

Dated: __February 15, 2019__            __R. Scott Alsterda__
                                              (Counsel)

(Rev 11/19/10)
4830-7038-9892

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Adebowale Richard Aderinto, | ) | Case No. 17-38275 |
| | ) | Honorable LaShonda A. Hunt |
| Debtor. | ) | |
| | ) | |

**FIRST AND FINAL APPLICATION OF TRUSTEE'S COUNSEL
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

R. SCOTT ALSTERDA and NIXON PEABODY LLP (collectively "NP"), counsel for the Trustee pursuant to 11 U.S.C. §330 and FRBP 2016 submits this first and final application for compensation and reimbursement of expenses and represents to the Court as follows:

## CASE CHRONOLOGY

1. The Debtor filed a voluntary petition, under Chapter 7 of the Bankruptcy Code on December 29, 2017 (the "Petition Date") [Dkt. 1].

2. The Debtor filed his Schedules of Assets and Liabilities (the "Schedules") on the Petition Date [Dkt. 1]. The Debtor filed Amended Schedules A and B (the "Amended Schedules") on February 13, 2018 [Dkt. 11].

3. The Trustee conducted the Debtor's initial Section 341(a) meeting of creditors on January 31, 2018, at which time the Debtor appeared and was examined by the Trustee concerning his assets, liabilities, and financial affairs. Thereafter, the Trustee filed a "No-Asset Report" on January 31, 2018, [Dkt. 9].

4. The Trustee withdrew his "No-Asset Report" on February 27, 2018 [Dkt. 12]. On July 9, 2018, the Trustee filed his initial report of assets, stating that he found assets in the bankruptcy estate to be administered for the benefit of creditors, [Dkt. 19].

5. The Court set October 10, 2018 as the deadline for all creditors including governmental units to file proofs of claim in this case, [Dkt. 20].

## CASE SUMMARY

6. The Trustee identified certain items of personal and real property in which the Debtor had an interest as assets having a value in excess of any exemptions or lien claims. These items included the Debtor's interest in (i) a taxi medallion and (ii) a condominium (collectively the "Personal and Real Property").

7. On August 16, 2018, the Trustee's Motion to Sell the Estate's Rights Title and Interest in Certain Real and Personal Property to Adebowale Richard Aderinto pursuant to 11 U.S.C. § 363(b) (the "Sale Motion") [Dkt. 22] was filed with the Court. In the Sale Motion, the Trustee requested court approval of a sale to the Debtor of the bankruptcy estate's right, title, and interest in a taxi medallion and a condo for $39,000.00.

8. On September 6, 2018, this Court entered an Order Granting Trustee's Motion to Sell the Estate's Rights Title and Interest in Certain Real and Personal Property to Adebowale Richard Aderinto pursuant to 11 U.S.C. § 363(b) (the "Sale Order") [Dkt. 23].

9. The Trustee has received the sum of $39,000.00 from the Debtor pursuant to the Sale Order and the Trustee filed a Report of Sale with the Court [Dkt. 24].

10. On April 5, 2018, an order was entered by the Court approving the employment of NP as counsel for the Trustee [Dkt. 15] effective as of February 22, 2018. A copy of the April 5, 2018 order authorizing the Trustee's employment of NP as legal counsel is attached hereto as Exhibit "A."

11. The Trustee, with the assistance of NP, reviewed documents and obtained valuation estimates related to the Debtor's taxi medallion and condo in order to determine if the

assets could be sold at a price that would generate a meaningful distribution to unsecured creditors.

12. Thereafter the Trustee, with the assistance of NP, negotiated the price and other terms and conditions of a sale of the bankruptcy estate's right, title, and interest in the taxi medallion and the condo to the Debtor. NP drafted and revised a Letter Agreement containing the sale terms and conditions, as well as the Sale Motion.

13. The Sale Motion was filed with the Court and on September 6, 2018 following notice and a hearing, the Court entered the Sale Order.

14. NP also assisted the Trustee in the preparation and filing of a motion to extend the deadline to object to the Debtor's discharge and a motion authorizing the Trustee to employ tax accountants to prepare the bankruptcy estate's state and federal income tax returns.

15. The bankruptcy case is ready to be closed after the funds on hand have been distributed. The Trustee believes that all of the creditors holding allowed claims will be paid approximately 8% of their allowed claims after the payment of administrative expenses.

## DESCRIPTION OF LEGAL SERVICES

16. The nature and extent of the services which NP provided to the Trustee for the period from February 22, 2018 through February 13, 2019 are summarized in the following paragraphs.

17. <u>Case Administration (B-110)</u>. NP provided 0.60 hours of services with a value of $309.00 related to the Trustee's administration of the Chapter 7 case. These services included drafting and filing the Trustee's motion to extend the deadline to object to the Debtor's discharge.

18. <u>Asset Analysis and Recovery (B-120)</u>. NP provided 2.80 hours of services with a value of $1,442.00 related to the Trustee's analysis and recovery of assets in the Chapter 7 case.

These services included reviewing documents and valuation estimates of the Debtor's taxi medallion and condo. NP also assisted the Trustee in negotiating the price and terms and conditions of the sale of the bankruptcy estate's right, title, and interest in the taxi medallion and the condo.

19. <u>Asset Disposition (B-130)</u>. NP provided 7.70 hours of services to the Trustee with a value of $3,965.50 related to the Trustee's sale of the bankruptcy estate's right, title, and interest in the taxi medallion and the condo to the Debtor. NP drafted and revised both the Letter Agreement and the Sale Motion, and NP appeared in Court for the hearing on the Sale Motion, at which time the Sale Order was entered by the Court. These services included drafting the Trustee's Quit Claim Bill of Sale for the sale of the Estate's right, title, and interest in the condo and the taxi medallion which was delivered to the Debtor's counsel upon the Trustee's receipt of the full purchase price from the Debtor. NP also drafted and filed with the Court the Trustee's Report of Sale.

20. <u>Fee/Employment Applications (B-160)</u>. NP provided 1.20 hours of services to the Trustee with a value of $618.00 related to the Trustee's employment of legal counsel and a tax accountant. These services included drafting the motions to employ legal counsel and a tax accountant including the notices and proposed orders.

21. <u>Claims Administration and Objections (B-310)</u>. NP provided .30 hours of services to the Trustee with a value of $154.50 related to the Trustee's review of proofs of claim filed in the case to determine if the Trustee should object to any of the claims. These services included a review of the loan documents attached to two proofs of claim.

22. <u>Summary of Services</u>. The services rendered to the Trustee by NP are summarized as follows:

4831-2072-1540.1

4

| CATEGORY | TASK CODES | HOURS | VALUE |
|---|---|---|---|
| Case Administration | B-110 | .60 | $309.00 |
| Asset Analysis and Recovery | B-120 | 2.80 | 1,442.00 |
| Asset Disposition | B-130 | 7.70 | 3,965.50 |
| Fee/Employment Applications | B-160 | 1.20 | 618.00 |
| Claims Administration and Objections | B-310 | .30 | 154.50 |
| **TOTAL** | | **12.60** | **$6,489.00** |

23.     Attached as Exhibit "B" is an itemized statement of the legal services rendered by NP and classified by the various tasks in chronological order. The statement reflects the legal services rendered, the time expended, the value of the services, and a description of the work performed.

24.     The time expended and services rendered by each individual NP attorney and law clerk is summarized as follows:

| Attorney | Hours | Hourly Rate | Total |
|---|---|---|---|
| R. Scott Alsterda | 12.60 | $515.00 | $6,489.00 |
| TOTAL | | | |

25.     Exhibit "B" also includes an itemized statement of the actual expenses incurred by NP in connection with its representation of the Trustee. These expenses include postage for mailing the Trustee's motion to employ legal counsel and the Sale Motion in the total amount of $27.51

26.     Based on the nature, extent and value of services performed by NP, the results achieved, and the costs of comparable services, the compensation being sought by NP is fair and reasonable.

27.     At all times during NP's representation of the Trustee, NP was a disinterested person and neither represented nor held an interest adverse to the bankruptcy estate with respect to matters on which NP was employed.

## PRAYER FOR RELIEF

WHEREFORE, NP requests that it be awarded reasonable compensation in the amount of $6,489.00 for legal services rendered in this case and reimbursement of actual and necessary expenses in the amount of $27.51.

DATE: February 15, 2019                     Respectfully Submitted

                                                           NIXON PEABODY LLP

Of Counsel:
R. Scott Alsterda (ARDC 3126771)            /s/ R. Scott Alsterda
Nixon Peabody LLP
70 West Madison, Suite 3500
Chicago, IL 60602
312-977-9203
rsalsterda@nixonpeabody.com